# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CHARLES A. CASSIDY and AMY J. CASSIDY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DITECH FINANCIAL, LLC and KOZENY & McCUBBIN, L.C.,**<br><br>Defendants. | **8:16CV373**<br><br>**STIPULATED PROTECTIVE ORDER** |

     This matter is before the Court on the Joint Motion for Entry of Stipulated Protective Order (Filing No. 29) filed by Plaintiffs Charles A. Cassidy and Amy J. Cassidy and Defendants Ditech Financial, LLC and Kozeny & McCubbin, L.C. (collectively, the "Parties"). For good cause shown, the motion is granted and the Court enters this Stipulated Protective Order to govern discovery and other matters in this case:

     1.    <u>Stipulation and Agreement of the Parties</u>. In this action, the Parties have sought and are seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests. The Parties also assert that the need for this Protective Order also applies to any information or materials produced by a nonparty as a result of discovery subpoenas or other requests. The Parties have agreed to the entry of this Protective Order and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any party or nonparty except as set forth herein. The terms of this Protective Order shall apply to any information or materials produced by any party or nonparty in this action. Every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

     2.    <u>Definition of "Confidential Information."</u> Under the terms of this Protective Order, "Confidential Information" means any document, file, electronic material, portions of

4843-8970-1694.1

files, transcribed testimony or responses to discovery requests, including any extract, abstract, chart, summary, note or copy made therefrom and designated by one of the parties or a non-party in the manner provided in paragraph 3 below as containing or comprising confidential policies or procedures, proprietary business or financial information the release of which would harm the business interests or otherwise embarrass or invade the privacy of the designating party.  Such documents, information or materials may be so designated as Confidential only if they are not otherwise publicly available.  A producing non-party shall have the same rights and obligations as a party with regard to such documents, information or things.

   3. <u>Designation of "Confidential Information</u>."  Where any kind of Confidential Information is produced, provided or otherwise disclosed by a party or a nonparty in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information will be designated in the following manner:

   a. By imprinting the words "<u>Confidential</u>," as appropriate, on at least the first page or cover of any document produced;
   b. By imprinting the words "<u>Confidential</u>," as appropriate, next to or above any response to a discovery request;
   c. With respect to transcribed testimony, either during the deposition on the record, or by giving written notice to opposing counsel sufficient to designate such portions as "<u>Confidential</u>," as appropriate, no later than ten calendar days after receipt of the transcribed testimony; and
   d. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given is deemed "<u>Confidential</u>," as appropriate.  If during the course of a deposition, a document or other material that has previously been designated "<u>Confidential</u>," is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

   4. <u>Treatment of Confidential Information</u>.  Any Confidential Information shall be treated as confidential by the parties, their attorneys and persons assisting their attorneys as follows:

   a. Confidential Information shall be used only for the purpose of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case;
   b. Except as provided herein, Confidential Information shall not be disclosed to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in

4843-8970-1694.1

2

this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

c. If any party, attorney or individual shall disclose Confidential Information to a consultant or expert witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party. If any party discloses Confidential Information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order. Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order; and

d. If any person to whom disclosure is permitted under this Protective Order is a non-party witness or deponent who has not signed a Confidentiality Agreement in the form attached as Exhibit A, then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any Confidential Information disclosed to such person, whether such Confidential Information is contained in a deposition, brief, pleading, affidavit or other form.

5. <u>Use of Confidential Information in Court Proceedings</u>. In the event any information designated as "<u>Confidential Information</u>" is used in any court filing or legal proceeding, including, but not limited to, its use at trial, it shall not lose its confidential status as between the Parties through such use. Any memorandum, brief, or other pleading that contains Confidential Information in the body of the document shall be prominently labeled on the applicable pages with the following legend: "Contains Confidential Information Subject To Protective Order." Further, such Confidential Information will not be made part of the public record, and the Court shall not permit disclosure of any Confidential Information or any portion thereof except as provided herein.

6. <u>Protective Order Not Admission</u>. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Furthermore, by producing or receiving information or material designated "<u>Confidential Information</u>" or by otherwise complying with the terms of this Protective Order, such conduct shall not be deemed to:

a. Operate as an admission by any party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;
b. Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any designated information;
c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;
d. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;
e. Prejudice in any way the rights of any party to seek a determination by the Court, whether any information or material should be subject to the terms of this Protective Order, including, but not limited to, designations made by a nonparty;
f. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; or
g. Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

7. <u>Objection to Designation of Confidential Information.</u> Should a party object to the designation of documents or materials as Confidential Information, the objecting party shall, within 30 days, notify the opposing side's attorneys in writing of such objection. Failure by either side to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, which may conduct an *in camera* inspection of the materials. The party seeking confidentiality of this information shall have the burden of establishing that the information is entitled to confidential treatment. If the challenging party fails to apply for relief from the Court within 60 days from receipt of the confidential materials, the party will be considered to have abandoned its objection and will be estopped from any further assertion of the same.

8. <u>Continuing Duty</u>. The termination of this action shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

9. <u>Obligations After Final Disposition</u>. Any originals or reproductions of any documents designated as Confidential Information shall be (a) returned to the designating party

at its expense within thirty (30) days of the designating party's written request, after the conclusion of this action, including appeal, by entry of a final order; or (b) held in the possession of the receiving party, or its attorneys, pursuant to the terms of this Protective Order and destroyed in accordance with the established document retention policy of the receiving party or that of its attorneys.

10. <u>No Bar to Seeking Further Relief</u>. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

11. <u>Inadvertent Production of Undesignated/Misdesignated Confidential Information</u>. If a party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely and correctly designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

12. <u>Agreement To Be Bound</u>. By executing this Stipulated Protective Order, counsel for the Parties agree that the Parties and counsel for the Parties are bound by the conditions hereof.

13. <u>Court Maintenance of Confidential Information</u>. The Parties hereby request that the Court maintain its copies of the documents or materials containing Confidential Information subject to the Protective Order contemplated hereby protected under RESTRICTED ACCESS, pursuant to NECivR 5.3, and not permit them to be inspected by the public.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered by the United States District Court for the District of Nebraska in the action entitled *Charles A. Cassidy and Amy J. Cassidy v. Ditech Financial, LLC and Kozeny & McCubbin, L.C.*, Case No. 8:16-cv-00373-JFB-TDT, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

Dated this _____ day of _____, 20___.

_____